OPINION of the Court, by
judge Logan.
This vu ⅛»> e;tmn bv .t sheriff against his deputy and secu-¡H" ,¡ , . ,r bond, for a breach of its conditions.
i pon th • trial M the cause, the defendants offered in at ’• umx-E) viiftcrt statement, which the witness depo--i ⅛ had b. en m u'e out bv him under the direction of ■’ '• ■ ’tv-, vóriont tv mg disputed by either. But he, w uua’da io s r i ifr the different items contained..,-, tu i v ithi/Ut th - of the paper. He had no pet- , s.'u. t Hi,ml.dg. oi thor correctness, or distinct recol-1-' >i '• of.) spec ¡.l ami particular acknowledgment of •ii.r oi ths m, i aether than the mutual assent o< the parties to put them down as right, and his stating none timt v,-i - disputed.
i'o the ussiort of this paper and the statements of the will es--, evidence to the jury, the plaintiff objected nn,l mo\ -J the court to instruct the jury that they snouki not regard the same as evidence, without the production of vouchers and receipts referred to in the said writrng, in support oS each item ; which motion the court overruled, and permitted the paper in evidence. To this opinion the plaintiff excepted, and has brought the question before this court,
The statement in writing has been assimilated by the assignment of errors to reciprocal propositions of a compromise between the parties, but the compromise *:• * having been effected, that therefore the writing ought i to be disregarded.
This we conceive is not the just import of the vni- ,,§ ting. It purports to contain the mutual charges of c. M > party, and the witness swears to the entry of those < .v’- f ges, by the direction of the parties, not as the terms,■- j eooiprbmise, but as admissions of their correctnc j *337 from bis éykíent understanding between the til. This objection ⅛ not therefore tenable. •’
. , * , , But the question stui occurs, whether the writing was admissible as.evidence to the jury, without producing the receipts and vouchers in support of the particular items therein specified.
Upon this point, it seems that the deputy had long before the trial of the cause left this state, and was not a party to the suit. From which circumstance, the ^production of those vouchers was not within the power of the defendants in the cause, nor the operation of the process of the court. So that the objection seems thereby to have lost its material force, and the rule in permitting the best evidence in the power of the party, or which the nature of the case will admit of, will ap•p*y* • .
But the witness cannot depose to the facts or items ^contained in the writing, from an immediate knowledge f%nd recollection. He does not merely refresh his me-«íiory with the writing; but he bottoms his evidence .upon the writing itself, and infers the facts, because they ⅜¾6 in his hand writing.
The rule in such cases seems to be, that a witness may refresh his memory with a memorandum or private minute, and ijgshe can then speak p collection, it is sufficient; but if he lion, further than he finds the fa< that being in itself not evident* tne effect of e\ ace asitively as to his re-ie has no such recollects in his memorandum, , it ought only to have articular facts contained & it are identified on oath, from a recollection of them, tór of their admission by the party. But where the facts jpr items have been inserted in a Writing under the direction of the party, or have been entered in a book, not imerely as a memorandum to refresh the memory of him. Svho makes it, but as constituting evidence itself from its Identity, in such cases, if the witness cannot speak of the i.xts from his recollection, but deposes from the writing ⅜⅜■.■'■'■book, without that recollection or knowledge, the «¡Awrkiagor book ought to be produced for the inspection the jury, and the party to be thereby affected — See Peake’s Evidence Nisi Prius, fbO.
The case under consideration is deemed one of the Blatter description. It is not merely the memorandum i ni the witness j but is the staíc&iu-.t oí the pauses made *338 out Under their direction, not for the benefit of the wit* ness, but in evidence of their mutual demands to the ex* tent specified ¡ as such its production and identity as a statement thus formed, was proper evi dence for the jury.
We are therefore of opinion, that the circuit court decided correctly in overruling the motion of the plaintiff, which hi effect would have operated its exclusion and the loss of the evidence founded thereon,
judgment affirmed.